**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PASHUK PALOKA,

    Plaintiff,

vs.                                                   Case No. 3:10-cv-403-J-34JRK

FAMOUS AMOS RESTAURANTS, INC.,
a Florida Corporation,

    Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

    Before the Court is Plaintiff Pashuk Paloka ("Plaintiff") and Defendant Famous Amos Restaurants, Inc.'s ("Defendant('s)") Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. No. 15; "Motion"), filed November 17, 2010, and a copy of their Settlement Agreement and Full and Final Release of Claims (Doc. No. 15 at Ex. A; "Settlement Agreement").[2]  This case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").  In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

[2] On October 6, 2010, an Order of Administrative Closure and Reference (Doc. No. 14) was entered, referring this matter to the assigned United States Magistrate Judge "for the preparation of a Report and Recommendation as to whether [the parties' proposed] settlement is a 'fair and reasonable resolution of a bonafide dispute' over FLSA issues." (citations omitted).

bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

In the Complaint, Plaintiff seeks "the payment of all overtime hours . . . , liquidated damages, reasonable attorneys' fees and costs incurred in this action, [and] declaratory releif[.]" Compl. (Doc. No. 1) at 3.  The parties state that although Defendant denies Plaintiff's allegations and the parties had different positions regarding the statute of limitations, the number of overtime hours worked, the overtime compensation owed, and whether liquidated damages are appropriate, the parties negotiated a compromise settlement due in part to "a desire by all Parties to end the litigation."  Motion at 2-3.  The parties agree that the settlement represents a "reasonable and fair" resolution of Plaintiff's FLSA claim and request that the Court find the same. Id. at 4, 5.  The parties also ask the Court to "dismiss the instant action with prejudice." Id. at 5.

In compromise, Defendant agrees to pay Plaintiff a total amount of $5,000.00 to settle his case. Id. at 4; Settlement agreement at 2.  In addition to that amount, Defendant will pay $3,750.00 in consideration for Plaintiff's attorneys' fees and costs.  Motion at 4; Settlement Agreement at 2.

Noting that the parties represent the attorneys' fees "w[ere] negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiff's recovery," Motion at 4 (internal citations omitted), upon review of the parties' papers and the remainder of the file, the undersigned finds that this settlement represents "a fair and reasonable resolution of a

2

bona fide dispute" over provisions of the FLSA.  Lynn's Food Stores, Inc., 679 F.2d at 1355.[3]

Accordingly, it is respectfully

**RECOMMENDED**:

1.     That the Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. No. 15) be **GRANTED**.

2.     That the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement.

3.     That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 11, 2011.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

---

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the recommended award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

kaw

Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record